IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL PELAYO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. HERNANDEZ, et al.,<br><br>　　　　Defendants. | No. C 13-3618 RMW (PR)<br><br>ORDER DISMISSING CASE<br>WITH LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1 Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged deprivation was committed by a person acting under the color of state law. West v.
5 Atkins, 487 U.S. 42, 48 (1988).

6 B.    Plaintiff's Claims

7     Plaintiff claims that Correctional Officer G. Hernandez prevented him from entering the
8 dining hall at breakfast on January 5, 2012 because plaintiff had his pocket bible, and a thin bible
9 folder. Plaintiff was told that he could not carry the bible on him and was sent back to his
10 building. Plaintiff alleges that he filed administrative appeals regarding Hernandez's action, but
11 the appeals were all denied by Lieutenant Mensing, V. Rasu, and B. Forsterer.

12     First, plaintiff's claim against Lieutenant Mensing, V. Rasu, and B. Forsterer are
13 DISMISSED for failure to state a claim. There is no constitutional right to a prison
14 administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
15 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

16     Second, plaintiff's Free Exercise Clause and Religious Land Use and Institutionalized
17 Persons Act ("RLUIPA") claims against Correctional Officer G. Hernandez are DISMISSED
18 WITH LEAVE TO AMEND. To establish a violation of the Free Exercise Clause of the First
19 Amendment's right to freedom of religion, a prisoner must show a defendant burdened the
20 practice of his religion without any justification reasonably related to legitimate penological
21 interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). There must be
22 allegations showing the defendant burdened the practice of plaintiff's religion by preventing him
23 from engaging in conduct mandated by his faith without any justification reasonably related to
24 legitimate penological interests. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). To
25 reach the level of a constitutional violation, "the interference with one's practice of religion
26 'must be more than an inconvenience; the burden must be substantial and an interference with a
27 tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822
28 F.2d 844, 851 (9th Cir. 1987)). A prisoner may be inconvenienced in the practice of his or her

Order of Dismissal with Leave to Amend
G:\PRO-SE\RMW\CR.13\Pelayo618dwla.wpd    2

1  faith so long as the governmental conduct does not prohibit the prisoner from "participating in
2  the mandates of his religion." See id.  For a claim under RLUIPA, the plaintiff-prisoner must
3  allege facts showing that the government has imposed a substantial burden on his religious
4  exercise.  Plaintiff has done neither.  Plaintiff will be granted leave to amend to allege specifics
5  if he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendants Lieutenant Mensing, V. Rasu, and B. Forsterer are DISMISSED. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-3618 RMW (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

1  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
2  of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED: _____          *Ronald M. Whyte*
                                RONALD M. WHYTE
5                               United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAUL PELAYO,

        Plaintiff,

  v.

G HERNANDEZ et al,

        Defendant.

                                        /

Case Number: CV13-03618 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Saul Pelayo P-61090  
Correctional Training Facility  
CW-304UP  
P.O. Box 689  
Soledad, CA 93960

Dated: February 18, 2014

                                            Richard W. Wieking, Clerk  
                                            By: Jackie Lynn Garcia, Deputy Clerk