IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL PELAYO,<br><br>    Plaintiff,<br><br>  v.<br><br>G. HERNANDEZ,<br><br>    Defendant. | No. C 13-3618 RMW (PR)<br><br>ORDER DENYING MOTION TO SUSPEND SUMMARY JUDGMENT BRIEFING; GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION<br><br>(Docket Nos. 24, 26.) |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On August 21, 2014, the court issued an order of service and directed defendant to file a dispositive motion. (Docket No. 14.) On October 21, 2014, defendant filed a motion to dismiss, to strike, and for summary judgment. (Docket No. 18.) Plaintiff has filed a motion to suspend briefing on summary judgment pursuant Federal Rule of Civil Procedure 56(d)[1] and (f)[2] in order to allow him to complete discovery. (Docket No. 24.) Plaintiff filed a declaration in support of his request for suspension of briefing in which he states

---

[1] Federal Rule of Civil Procedure 56(d) permits the court to grant a continuance of summary judgment briefing where the nonmovant "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d) (emphasis added).

[2] Federal Rule of Civil Procedure 56(f) provides for the court to enter judgment independent of the motion for summary judgment and is inapplicable to plaintiff's motion.

1   that he is making progress toward completing an opposition to defendant's motion to dismiss and
2   to strike, however "as to the motion for summary judgment, discovery had NOT yet been
3   complete." (Id. at 2.) Defendant has filed an opposition to plaintiff's motion stating that
4   plaintiff has failed to satisfy Rule 56(d) and therefore the motion for suspension of briefing
5   should be denied. (Docket No. 25.) Defendant argues that discovery is not needed for plaintiff
6   to respond to defendant's motion for summary judgment based on plaintiff's failure to exhaust
7   administrative remedies. (Id.) Moreover, defendant indicates that plaintiff has failed to
8   articulate "specified reasons" why discovery is necessary for him to complete an opposition to
9   defendant's motion. Plaintiff has filed a reply to defendant's opposition. (Docket No. 29.)
10  Plaintiff maintains that if permitted discovery by way of depositions and interrogatories,
11  "statements would be elicited from various individuals (prison staff) that would reveal that
12  plaintiff persistently and diligently pursued his administrative remedies from 'day one' only to
13  be met with a myriad of 'difficulties' in having his appeal(s) processed without procedural
14  intervention." (Id. at 3.)

15        Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary
16  judgment when the non-movant needs to discover affirmative evidence necessary to oppose the
17  motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule
18  56(d) motion, a party opposing summary judgment must make clear "what information is sought
19  and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.
20  1998); *see, e.g., id.* at 853-54 (district court correctly denied motion for continuance to engage in
21  further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support
22  for his assertions that further discovery would lead to the facts and testimony he described, and
23  his assertions appeared based on nothing more than "wild speculation"). Rule 56(d) requires that
24  the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit
25  from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to
26  oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan*
27  *Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).
28        Here, plaintiff requests an indefinite extension of time in which to conduct discovery and

1 oppose defendant's motion for summary judgment.  Plaintiff has been permitted to conduct
2 discovery from the moment defendant waived service on October 8, 2014.  While plaintiff sets
3 forth facts he hopes to obtain during additional discovery, he does not demonstrate how
4 "additional discovery would [] reveal[] specific facts precluding summary judgment," *see Tatum*
5 *v. City and County of S.F.*, 441 F.3d 1090, 1101 (9th Cir. 2006), or that the sought-after facts
6 exist, *Family Home and Finance Center, Inc.*, 525 F.3d at 827.  Thus, plaintiff is not entitled to
7 a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

       Moreover, to the extent plaintiff wishes to dispute defendant's allegation that plaintiff failed to satisfy exhaustion by arguing that plaintiff was hindered or prohibited from filing his administrative appeal, he may submit evidence of such via a declaration.  Plaintiff has personal knowledge of the facts supporting his assertions that he "diligently pursued" his administrative remedies and thus plaintiff's statements in support of that assertion would be generally admissible.  Any additional discovery from witnesses on this issue would not be essential to oppose summary judgment.

       However, due to the fact that plaintiff's opposition is already overdue, the court will **GRANT** plaintiff's motion for an extension of time to file his opposition to the motion for summary judgment.  Plaintiff is directed to file an opposition to defendant's motion to dismiss, to strike and summary judgment (docket no. 18), **no later than twenty-eight (28) days** from the filing date of this order.  Defendant shall file a reply **fourteen days (14) thereafter**.

       This order terminates docket numbers 24 and 26.

       **IT IS SO ORDERED.**

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAUL PELAYO,

        Plaintiff,

  v.

G. HERNANDEZ et al,

        Defendant.

Case Number: CV13-03618 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Saul Pelayo P-61090  
Correctional Training Facility  
CW-304UP  
P.O. Box 689  
Soledad, CA 93960

Dated: February 11, 2015

                                    Richard W. Wieking, Clerk  
                                    By: Jackie Lynn Garcia, Deputy Clerk